**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CYNTHIA STEWART JENKINS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:21-cv-1168** |
| **PHH MORTGAGE CORPORATION** | § | |
| **dba PHH MORTGAGE SERVICES and** | § | |
| **NEWREZ LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, PHH Mortgage Corporation d/b/a PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC ("PHH"), and NewRez LLC ("NewRez") (collectively, "Defendants"), file this Answer to Plaintiff's Complaint (Doc. 1) (the "Complaint"). Defendants therefore respectfully show the Court as follows:

**I.**
**INTRODUCTION**

1.      Defendants deny the allegations contained in sentence 1 of paragraph 1 of the Complaint.  With respect to the allegations contained in sentence 2, Defendants admit that a previous lawsuit filed by Plaintiff has been settled.  Defendants deny the remainder of the allegations contained in paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in paragraph 2 of the Complaint and deny that Plaintiff is entitled to the relief sought in paragraph 2 of the Complaint.

**II.**
**PARTIES**

3.      The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants

admit solely that Plaintiff is a natural person residing in Texas, and deny all other allegations contained in paragraph 3 of the Complaint.

4.      With respect to the allegations contained in paragraph 4 of the Complaint, Defendant PHH admits solely that it is a foreign corporation that has appeared in this lawsuit and denies the remaining allegations set forth in paragraph 4 of the Complaint.

5.      With respect to the allegations contained in paragraph 5 of the Complaint, Defendant NewRez admits solely that it is a foreign limited liability company that has appeared in this lawsuit and denies the remaining allegations set forth in paragraph 5 of the Complaint.

6.      The allegations contained in paragraph 6 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 7 of the Complaint.

## III.
## JURISDICTION AND VENUE

8.      Defendants admit that this Court has subject matter jurisdiction over this case.

9.      Defendants admit that venue is proper.

## IV.
## FACTUAL ALLEGATIONS

10.      Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Complaint, and therefore they are denied.

11.      With respect to the allegations contained in paragraph 11 of the Complaint, Defendants state that the referenced note speaks for itself and any restatement or paraphrasing of such document is denied.

12.     With respect to the allegations contained in paragraph 12 of the Complaint, Defendants state that the referenced assignment speaks for itself and any restatement or paraphrasing of such document is denied.  The allegation that the subject note was "purportedly" assigned is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegation.

13.     With respect to the allegations contained in paragraph 13 of the Complaint, Defendants state that the referenced assignment speaks for itself and any restatement or paraphrasing of such document is denied.  The allegation that "Defendant's Vice President, acting as Attorney in Fact" signed the assignment is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation.

14.     Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.     With respect to the allegations contained in paragraph 15 of the Complaint, Defendants state that the referenced petition and schedules speak for themselves and any restatement or paraphrasing of such documents is denied.

16.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint, and therefore they are denied.

17.     With respect to the allegations contained in paragraph 17 of the Complaint, Defendants state that the referenced schedule speaks for itself and any restatement or paraphrasing of such document is denied.

17.     Defendants state that the Complaint has two different paragraphs numbered as 17. With respect to the allegations contained in the second paragraph numbered as 17 in the Complaint, Defendants state that the referenced proof of claim speaks for itself and any restatement or paraphrasing of such document is denied.

18.     The allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Ocwen Loan Servicing, LLC began servicing the subject loan account in September 2011 and deny the remainder of the allegations contained in paragraph 18 of the Complaint.

19.     With respect to the allegations contained in paragraph 19 of the Complaint, Defendants state that the referenced Transfer of Claim for Security speaks for itself and any restatement or paraphrasing of such document is denied.

20.     With respect to the allegations contained in paragraph 20 of the Complaint, Defendants state that the referenced Claims Register Summary speaks for itself and any restatement or paraphrasing of such document is denied.

21.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint, and therefore they are denied.

22.     With respect to the allegations contained in paragraph 22 of the Complaint, Defendants state that the referenced motion and proposed plan speak for themselves and any restatement or paraphrasing of such documents is denied.

23.     With respect to the allegations contained in paragraph 23 of the Complaint, Defendants state that the referenced plan and order speak for themselves and any restatement or paraphrasing of such documents is denied.

24.     With respect to the allegations contained in paragraph 24 of the Complaint, Defendants state that the referenced plan and order speak for themselves and any restatement or paraphrasing of such documents is denied.

25.     With respect to the allegations contained in paragraph 25 of the Complaint, Defendants state that the referenced order speaks for itself and any restatement or paraphrasing of

such document is denied.  The remainder of the allegations contained in paragraph 25 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remainder of the allegations contained in paragraph 25 of the Complaint.

26.     With respect to the allegations contained in paragraph 26 of the Complaint, Defendants state that the referenced order and notice speak for themselves and any restatement or paraphrasing of such documents is denied.  The remainder of the allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remainder of the allegations contained in paragraph 26 of the Complaint.

27.     With respect to the allegations contained in paragraph 27 of the Complaint, Defendants state that the referenced order speaks for itself and any restatement or paraphrasing of such document is denied.  The remainder of the allegations contained in paragraph 27 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remainder of the allegations contained in paragraph 27 of the Complaint.

28.     With respect to the allegations contained in paragraph 28 of the Complaint, Defendants state that the referenced order speaks for itself and any restatement or paraphrasing of such document is denied.

29.     The allegations contained in paragraph 29 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     The allegations contained in paragraph 30 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     The allegations contained in paragraph 31 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     With respect to the allegations in paragraph 32 of the Complaint, Defendatns state that such allegations are the subject of a release in a settlement agreement and are barred by such release.  To the extent a response is required, Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in sentence 1 of paragraph 33 of the Complaint.  With respect to the allegations contained in sentence 2, Defendants admit that Plaintiff filed a previous lawsuit against Ocwen Loan Servicing, LLC.  Defendants deny all other allegations contained in paragraph 33 of the Complaint.

34.     Defendants admit that a settlement was reached in a previous lawsuit filed by Plaintiff.  The remainder of the allegations contained in paragraph 34 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remainder of the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     With respect to the allegations contained in paragraph 36 of the Complaint, Defendants state that the referenced statement speaks for itself and any restatement or paraphrasing of such document is denied.  Defendants deny all other allegations contained in paragraph 36 of the Complaint.

37.     With respect to the allegations contained in paragraph 37 of the Complaint, Defendants state that the referenced statement speaks for itself and any restatement or paraphrasing of such document is denied.

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Defendants state that the referenced letter speaks for itself and any restatement or paraphrasing of such document is denied.  Defendants deny the remainder of the allegations contained in paragraph 38 of the Complaint.

39.     With respect to the allegations contained in paragraph 39 of the Complaint, Defendants state that the referenced letter speaks for itself and any restatement or paraphrasing of such document is denied.

40.     With respect to the allegations contained in paragraph 40 of the Complaint, Defendants state that the referenced statement speaks for itself and any restatement or paraphrasing of such document is denied.  Defendants deny the remainder of the allegations contained in paragraph 40 of the Complaint.

41.     With respect to the allegations contained in paragraph 41 of the Complaint, Defendants state that the referenced statement speaks for itself and any restatement or paraphrasing of such document is denied.

42.     With respect to the allegations contained in paragraph 42 of the Complaint, Defendants state that the referenced statement speaks for itself and any restatement or paraphrasing of such document is denied.  Defendants deny the remainder of the allegations contained in paragraph 42 of the Complaint.

43.     With respect to the allegations contained in paragraph 43 of the Complaint, Defendants state that the referenced statement speaks for itself and any restatement or paraphrasing of such document is denied.

44.     With respect to the allegations contained in paragraph 44 of the Complaint, Defendants state that the referenced statement speaks for itself and any restatement or paraphrasing of such document is denied.  Defendants deny the remainder of the allegations contained in paragraph 44 of the Complaint.

45.     With respect to the allegations contained in paragraph 45 of the Complaint, Defendants state that the referenced statement speaks for itself and any restatement or paraphrasing of such document is denied.

46.     With respect to the allegations contained in paragraph 46 of the Complaint, Defendants state that the referenced statements speak for themselves and any restatement or paraphrasing of such documents is denied.  Defendants deny the remainder of the allegations contained in paragraph 46 of the Complaint.

## V.
## GROUNDS FOR RELIEF—COUNT I

### TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

47.     Defendants reassert all previous responses to the allegations incorporated into paragraph 47 of the Complaint.

48.     The allegations contained in paragraph 48 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the TDCA statute speaks for itself and any restatement or paraphrasing of such statute is denied, and Defendants deny all other allegations contained in paragraph 48 of the Complaint, including all its subparts.

49.     The allegations contained in paragraph 49 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the TDCA statute speaks for itself and any restatement or paraphrasing of such statute is denied, deny that Plaintiff is entitled to the relief sought in paragraph 49 of the Complaint, and deny all other allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint, and deny that Plaintiff is entitled to the relief sought in paragraph 50 of the Complaint.

## VI.
## GROUNDS FOR RELIEF—COUNT II

### INVASION OF PRIVACY

51.     Defendants reasserts all previous responses to the allegations incorporated into paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny that they acted with malice, deny that Plaintiff is entitled to the relief sought in paragraph 54 of the Complaint, and deny the remainder of the allegations contained in paragraph 54 of the Complaint.

## VII.
## GROUNDS FOR RELIEF – COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

18.     Defendants state that here the Complaint begins a new numbering sequence for paragraphs.  Defendants reassert all previous responses to the allegations incorporated into paragraph 18 of the Complaint.

19.     The allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants

state that the FDCPA statute speaks for itself, and deny all other allegations contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the FDCPA statute speaks for itself, and deny all other allegations contained in paragraph 20 of the Complaint.

21.     The allegations contained in paragraph 21 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the FDCPA statute speaks for itself, and deny all other allegations contained in paragraph 21 of the Complaint.

22.     The allegations contained in paragraph 22 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the FDCPA statute speaks for itself, and deny all other allegations contained in paragraph 22 of the Complaint.

23.     The allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the FDCPA statute speaks for itself, and deny all other allegations contained in paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the FDCPA statute speaks for itself, and deny all other allegations contained in paragraph 24 of the Complaint.

25.     The allegations contained in paragraph 25 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the FDCPA statute speaks for itself, and deny all other allegations contained in paragraph 25 of the Complaint.

26.     The allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the FDCPA statute speaks for itself, and deny all other allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny that they acted illegally or intentionally or in a deceitful, misleading, harassing or unconscionable manner and deny the remainder of the allegations contained in paragraph 27 of the Complaint.

## VIII.
## GROUNDS FOR RELIEF—COUNT IV

### VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION

55.     Defendants state that here the Complaint begins a new numbering sequence for paragraphs. Defendants reassert all previous responses to the allegations incorporated into paragraph 55 of the Complaint.

56.     Defendants deny that they acted willfully or illegally or in a harassing manner. Defendants deny the remainder of the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny that they acted wrongfully or illegally or in a harassing or deceptive manner.  Defendants deny the remainder of the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny that they acted wrongfully or in a harassing manner.  Defendants deny the remainder of the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny that they acted illegally or in a harassing or coercive manner. Defendants deny the remainder of the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny that they acted illegally or with contempt for the law.  Defendants deny the remainder of the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny that they acted willfully or illegally and deny the remainder of the allegations contained in sentence 1 of paragraph 61 of the Complaint.  The allegations contained in sentences 2 through 5 of paragraph 61 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in sentences 2 through 5 of paragraph 61 of the Complaint.

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Defendants state that the bankruptcy statute speaks for itself and any restatement or paraphrasing of such statute is denied.  Defendants deny the remainder of the allegations contained in paragraph 62 of the Complaint.

63.     The allegations contained in paragraph 63 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     The allegations contained in paragraph 64 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny that they acted illegally or in a harassing manner, deny the remainder of the allegations contained in paragraph 66 of the Complaint, and deny that Plaintiff is entitled to the relief sought in paragraph 66 of the Complaint.

## IX.
## VICARIOUS LIABILITY/*RESPONDEAT SUPERIOR*

67.     Defendants deny that they or any of their agents acted wrongfully or improperly. Defendants lack knowledge and information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 67 of the Complaint, and therefore they are denied.

## X.
## DAMAGES

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny that they acted wrongfully or in a harassing manner.  Defendants lack knowledge and information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 69 of the Complaint, and therefore they are denied.

70.     Defendants deny that they acted wrongfully.  Defendants lack knowledge and information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 70 of the Complaint, and therefore they are denied.

71.     Defendants deny that they acted maliciously, wantonly, recklessly, intentionally, knowingly or willfully or with desire or intent to harm Plaintiff.  Defendants lack knowledge and information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 71 of the Complaint, and therefore they are denied.

72.     Defendants deny that they acted wrongfully or unlawfully or in a harassing or impermissible manner.  Defendants lack knowledge and information sufficient to form a belief

about the truth of the remainder of the allegations contained in paragraph 72 of the Complaint, and therefore they are denied.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny that they acted intentionally, knowingly, illegally or improperly. Defendants lack knowledge and information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 74 of the Complaint, and therefore they are denied.

75.     Defendants deny that they acted wrongfully, unlawfully, willfully, intentionally, maliciously or fraudulently or in a deceptive manner.  Defendants lack knowledge and information sufficient to form a belief about the truth of the remainder of the allegations contained in sentence 1 of paragraph 75 of the Complaint, and therefore they are denied.  Defendants deny that Plaintiff is entitled to any of the relief sought in paragraph 75 of the Complaint, and Defendants deny the remainder of the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer of the Complaint.   Except as admitted, qualified, or otherwise pleaded, Defendants deny all allegations contained in Plaintiff's Complaint.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Without conceding the burden of proof, Defendants assert the following defenses:

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff's recovery is barred by the defenses of unclean hands, waiver, abandonment, acquiescence, and/or other equitable doctrines.

3.     Plaintiff has failed to state a claim for recovery of attorneys' fees and costs.

4.      Plaintiff's recovery of punitive damages is barred to the extent Plaintiff seeks them for an alleged violation of the discharge injunction.

5.      Plaintiff's claims for punitive damages are barred and limited by the United State Constitution, the Texas Constitution, and the Texas Civil Practice and Remedies Code, including without limitation the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the United State Constitution and Article I, § 19 of the Texas Constitution.

6.      Plaintiff's invasion of privacy claim is preempted by the Fair Credit Reporting Act.

7.      Plaintiff's claims are barred or limited to the extent Plaintiff's damages resulted from the conduct of third parties.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel (in all its forms) and ratification.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of bona fide error.

10.     Plaintiff's claims are barred or limited to the extent Defendants sent correspondence required by applicable statutes and regulations.

11.     To the extent Plaintiff is alleging or attempting to allege a claim for a discharge violation, the Court lacks jurisdiction over Plaintiff's claim for a discharge violation.

12.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and prove all conditions precedent to recovery.

13.     Plaintiff's claims are barred, in whole or in part, because Defendants' acts and/or omissions were not the cause of Plaintiff's damages, if any.  Instead, Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and/or entities, including Plaintiff herself, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

14.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her damages, if any.

15.     Plaintiff's attorneys' fees and costs are not recoverable, reasonable or necessary.

16.     Plaintiff's claims are barred, in whole or in part, by the doctrines of release, *res judicata*, collateral estoppel, and/or accord and satisfaction.

17.     Defendants reserve the right to assert such additional affirmative defenses that are available under the facts and applicable law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request the following relief upon final hearing of this matter:

(a)     that Plaintiff take nothing on her claims against Defendants;

(b)     that Plaintiff's claims against Defendants be dismissed with prejudice; and

(c)     that Defendants have all such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

*/s/ Vincent J. Hess*
**Robert T. Mowrey (Attorney-in-Charge)**
Texas Bar No. 14607500
S.D. Bar No. 9529
rmowrey@lockelord.com
**Vincent J. Hess**
Texas Bar No. 09549417
S.D. Bar No. 20194
vhess@lockelord.com
**Matthew H. Davis**
Texas Bar No. 24069580
S.D. Bar No. 1124612
mdavis@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopier)

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record *via ECF* pursuant to the Federal Rules of Civil Procedure on this 19th day of May, 2021:

James Manchee
**MANCHEE & MANCHEE P.C.**
5048 Tennyson Parkway, Suite 250
Plano, Texas 75024

*/s/ Vincent J. Hess*
Counsel for Defendants